## ADKINS v. ATLANTIC COAST LINE R. CO.

No. 14128.

United States Court of Appeals,
Fifth Circuit.

Nov. 7, 1952.

---

H. G. Rawls and G. Stuart Watson, Albany, for appellant.

H. H. Perry, Jr., Albany, for appellee.

Before HUTCHESON, Chief Judge, and HOLMES and RUSSELL, Circuit Judges.

RUSSELL, Circuit Judge.

In this suit the appellant sought recovery of damages sustained in a grade-crossing collision between her automobile, which she was driving, and a train of the defendant railroad company. Upon the trial the evidence bearing upon the question of the degree of care exercised by the plaintiff, as the operator of the automobile, and the defendant's agents and employees, as the operators of the train, as they approached the crossing was in sharp conflict, as was even the question of whether the front end of the engine struck the automobile, or whether this vehicle ran into the side of the engine. The jury returned a verdict for the defendant, and the plaintiff has appealed, vigorously insisting before us that this adverse verdict was induced by errors both in the charge of the Court as given to the jury, and by the failure of the Court to give in its charge numerous requests upon applicable legal principles which were duly requested by plaintiff's counsel, and to which full exceptions were presented upon the conclusion of the Court's charge.

The point primarily stressed is that the Court, in effect, held that the plaintiff was guilty of contributory negligence as a matter of law. It is not claimed that the jury was so instructed in words, but rather that the manner in which the principles declaring the duty of the plaintiff to have, herself, been in the exercise of ordinary care and of contributory and comparative negligence, were presented, coupled with the failure of the Court to, at any time, submit to the jury the hypothesis upon which the plaintiff would be entitled to a full recovery, had this effect and conveyed to the jury the clear inference that the Court was of the opinion that the plaintiff was guilty of negligence in approaching and driving onto the crossing. We do not sustain the claim of error. The instructions of the Court on the subject of the necessity of the plaintiff showing that the defendant was negligent; that such negligence was the proximate cause of her injury; that the plaintiff was required to exercise ordinary care to avoid such collision; and the theory of comparative negligence which might defeat or diminish the plaintiff's recovery, were correct statements of the law. The controlling question is whether, in these circumstances, the failure of the Court to expressly inform the jury of the

circumstances under which the plaintiff would be entitled to a full recovery had a prejudicial effect upon the jury's determination of the case, as the plaintiff contends. It is true that it is the better practice for the Court to so instruct the jury, but upon our consideration of the instructions of the Court as a whole, we conclude that the omission here can not be said to have led the jury to understand that the Judge had determined the question of plaintiff's negligence as a matter of law, nor otherwise to constitute reversible error.

■ The remaining assignments of error do not require extended discussion. The exception to the excerpt from the instruction as given is not meritorious. As to the requests to charge, these were, in some instances, substantially covered by the general charge, and, where not so covered, the failure to submit them to the jury is not cause for reversal.

Judgment affirmed.